```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL         :
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, et al.             :

     v.                          :   Civil Action No. DKC 21-1034

                                 :
METROPOLITAN FIRE PROTECTION
SYSTEMS, LLC, et al.             :
```

**MEMORANDUM OPINION**

Pending before the court is a motion for default judgment filed by Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, and Trustees of the International Training Fund (together, the "Trustees" of the "NASI Funds"). (ECF No. 10). For the following reasons, the motion will be granted.

**I.   Background**

The Trustees are fiduciaries of the NASI funds. The NASI funds are employee benefit plans as defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA"). They are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust. NASI funds are offered to employers through collective bargaining agreements. Defendant Metropolitan Fire Protection Systems, LLC ("Metropolitan") entered into a Collective Bargaining Agreement

with Sprinkler Fitters Local Union No. 268.  The Collective Bargaining Agreement required contributions to the NASI funds for each hour of work by covered employees.

Metropolitan employed employees covered by the Collective Bargaining Agreement from August 2018.  Metropolitan had difficulty paying the required contributions owed to the NASI funds.  As a result, the Trustees and Metropolitan entered into a settlement agreement and promissory note for past-due contributions on February 10, 2021.  Metropolitan was to pay $63,470.39 in monthly installments over a two-year period. Liquidated damages of $98,207.18 were waived contingent on Metropolitan making the payments as agreed.  Defendant Harrison B. Flowers personally guaranteed payment of the settlement agreement. The Trustees allege that Metropolitan defaulted on the settlement agreement.  As a result, the Trustees allege that both Metropolitan and Mr. Flowers, as guarantor, owe $156,720.18, including the re-imposition of liquidated damages after default.[1]

Additionally, Plaintiffs assert an ERISA claim against Metropolitan for unpaid contributions for covered employees between February and August 2021.  According to the complaint, Metropolitan was required to make contributions to the Funds for each hour worked by Metropolitan employees performing work covered

---

[1] It appears that Defendants made two payments in March and April, 2021 of $2,841.73, reducing the amount due to $58,513.

by the Collective Bargaining Agreement and to submit forms every month reporting the amount of contributions due. The trust agreements provide that if an employer fails to make timely contributions, it must pay liquidated damages and interest. Metropolitan failed to submit reports during this period. Pursuant to Article VI, Section 6, of the Restated Agreements and Declarations of Trust, the Trustees projected the delinquency for each month reports were not submitted based on the average of the monthly reports submitted for the prior three months. They concluded that the average monthly contribution was $8,043.62 (constituting $3,258.83 for Welfare Fund, $2,230.93 for Pension Fund, $2,521.33 for Supplemental Pension Fund, and $32.53 for the International Training Fund), plus liquidated damages and interest. Plaintiffs assert that Metropolitan owes $56,305.39 plus $6,434.90 in liquidated damages, $9,591.53 in interest through November 15, 2022, costs of $627 and attorneys' fees of $1,250.

The Trustees served Metropolitan and Mr. Flowers on May 12, 2021. When Defendants failed to respond timely, the Trustees moved for clerk's entry of default (ECF No. 9) which was granted November 28, 2022 (ECF No. 11). The Trustees moved for default judgment on November 9, 2022, seeking a judgment for 1) the balance of the amounts owed under the parties' settlement agreement including reinstated liquidated damages and 2) averaged/estimated

3

contributions owed for February through August 2021 plus liquidated damages, interest, attorneys' fees, and costs. (ECF No. 10).

## II.  Standard of Review

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Rule 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id*. (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the court may only award damages without a hearing if the record supports the damages requested.").

**III. Analysis**

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3) authorizes parties to enforce the provisions of trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan"). According to the complaint, Metropolitan is a signatory to the collective bargaining agreements with the Sprinkler Fitters Local Union No. 268 and is, therefore, obligated to comply with the terms of the Trust Agreements. Based on these

5

undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.

### A. Breach of Settlement Agreement

Metropolitan entered into a settlement agreement with Plaintiffs after having experienced difficulties making the monthly contribution payments. Mr. Harrison B. Flowers signed the settlement agreement as guarantor. Plaintiffs contend, and Defendants do not object, that the liquidated damages of $98,207.18 that were waived under the parties' settlement agreement would be re-imposed upon default. Defendants have not made payments as agreed pursuant to the parties' settlement agreement and are thus in default. With the reimposition of liquidated damages after default, and after consideration of payments made toward the debt, judgment will be entered against Metropolitan and Harrison Flowers, for $156,720.18, jointly and severally.

### B. Unpaid Contributions

Plaintiffs' motion for entry of judgment by default also seeks contributions for February through August 2021. The Restated Agreements and Declarations of Trust establishing the NASI Funds authorizes the NASI Funds to project the contributions owed for months that Metropolitan failed to submit reports by averaging the last three months for which reports were submitted and to assess interest on delinquencies at the rate of twelve percent (12%). The Trust Agreements and Guidelines for Participation in the NASI

Funds obligates an employer to pay liquidated damages. The record supports $56,305.34[2] in unpaid contributions.

### C.     Liquidated Damages and Interest

Plaintiffs seek $9,591.53 in interest through November 15, 2022, and $6,434.90 in liquidated damages assessed on the estimated/averaged contributions owed from February 2021 through August 2021. The Restated Trust Agreement of the National Automatic Sprinkler Industry Welfare Fund provides "that payments and the required reporting forms are due by the 15th day following the end of each calendar month. If an Employer does not pay the amounts due to the Fund by the due date, that Employer is delinquent and, in the discretion of the Trustees, the following will be added to and become part of the amount due from the Employer:  (1) liquidated damages in the amount of ten percent (10%) of the amount due for the month if payment is not received by the due date; an additional five percent (5%) liquidated damages if payment is not received by the first (1st) of the month following the calendar month in which payment was due and an additional five percent (5%) liquidated damages if payment is not received by the fifteenth (15th) day of the month following the calendar month in which payment is due[.]" The Trustees' motion for default judgment

---

[2] The Trustees request $56,305.39. However, the total of the estimated monthly contributions of $8,043.62 multiplied by seven (February through August) is $56,305.34.

and Declaration of John P. Eger request $6,434.90 as liquidated damages.³ This amount will be awarded.

The Trustees' motion for default judgment and Declaration of John P. Eger both indicate that $9,591.53 is owed in interest through November 15, 2022. The agreement between the Trustees and Metropolitan obligates Metropolitan to pay twelve percent (12%) interest from the date of delinquency. Thus, the interest Plaintiffs request of $9,591.53 will be awarded as will interest of $2,702.66 calculated from November 22, 2022, through April 11, 2023, the date of the entry of judgment.

### D.   Attorneys' Fees

Plaintiffs seek $1,250 in attorneys' fees. In support of this request, Plaintiffs submit the Declaration of Charles W. Gilligan regarding attorneys' fees and costs (ECF No. 10-13). Exhibit K shows the hours billed by Plaintiffs' counsel. (ECF No. 10-14). It indicates that the firm spent 7.25 hours on this case on behalf of the Plaintiffs at a rate of $350 per hour for attorney time and $160 per hour for paralegal time. The sum requested is reasonable and Plaintiffs will be awarded $1,250 for attorneys' fees.

---

³ The Trust Agreements and the Guidelines for Participation in the NASI Funds provide for twenty-percent (20%), or $11,261.07, as liquidated damages.

8

**E.     Costs**

Plaintiffs seek $627 in costs.  In support of this request, Plaintiffs recite that in addition to the $402 filing fee to commence this action, $225 was spent for service of process on Defendant (ECF Nos. 10-14, 10-15).  The record supports this requested amount, and it will be awarded to Plaintiffs.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted.  A separate order will follow.

                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge